MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MELESIO DAVALO, *individually and on*
*behalf of others similarly situated,*

*Plaintiff,*

-against-

LA CASA BONITA CORP. (D/B/A CASA
BONITA), CASA DOMINICANA OUTLET
CORP. (D/B/A CASA DOMINICANA),
JOHN DOE AMJAD, MOHAMMED AMJAD,
and KALI AMJAD,

*Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29
U.S.C. § 216(b)**

**ECF Case**

Plaintiff Melesio Davalo ("Plaintiff Davalo" or "Mr. Davalo"), individually and on behalf

of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C.,

upon his knowledge and belief, and as against La Casa Bonita Corp. (d/b/a Casa Bonita), Casa

Dominicana Outlet Corp. (d/b/a Casa Dominicana), ("Defendant Corporations"), John Doe Amjad,

Mohammed Amjad, and  Kali Amjad, ("Individual Defendants"), (collectively, "Defendants"),

alleges as follows:

## NATURE OF ACTION

1. Plaintiff Davalo is a former employee of Defendants La Casa Bonita Corp. (d/b/a Casa Bonita), Casa Dominicana Outlet Corp. (d/b/a Casa Dominicana), John Doe Amjad, Mohammed Amjad, and Kali Amjad.

2. Defendants own, operate, or control two merchandise departments, located at 1511 St. Nicholas Avenue, New York, NY 10033 under the name "Casa Bonita" and at 1448 St. Nicholas Avenue, New York, NY 10033 under the name "Casa Dominicana".

3. Upon information and belief, individual Defendants John Doe Amjad, Mohammed Amjad, and Kali Amjad, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the merchandise departments as a joint or unified enterprise.

4. Plaintiff Davalo was employed as a merchandise stocker at the merchandise departments located at 1511 St. Nicholas Avenue, New York, NY 10033 and 1448 St. Nicholas Avenue, New York, NY 10033.

5. At all times relevant to this Complaint, Plaintiff Davalo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Davalo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Davalo the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiff Davalo to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Davalo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.    Plaintiff Davalo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Davalo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Davalo's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district,

and Defendants operate two merchandise departments located in this district. Further, Plaintiff Davalo was employed by Defendants in this district.

## **PARTIES**

### *Plaintiff*

14.     Plaintiff Melesio Davalo ("Plaintiff Davalo" or "Mr. Davalo") is an adult individual residing in New York County, New York.

15.     Plaintiff Davalo was employed by Defendants at Casa Bonita and Casa Dominicana from approximately February 2018 until on or about May 22, 2020.

16.     Plaintiff Davalo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled two merchandise departments, located at 1511 St. Nicholas Avenue, New York, NY 10033 under the name "Casa Bonita" and at 1448 St. Nicholas Avenue, New York, NY 10033 under the name "Casa Dominicana".

18.     Upon information and belief, La Casa Bonita Corp. (d/b/a Casa Bonita) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1511 St. Nicholas Avenue, New York, NY 10033.

19.     Upon information and belief, Casa Dominicana Outlet Corp. (d/b/a Casa Dominicana) is a domestic corporation organized and existing under the laws of the State

of New York. Upon information and belief, it maintains its principal place of business at 1448 St. Nicholas Avenue, New York, NY 10033.

20.     Defendant John Doe Amjad is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Doe Amjad is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Doe Amjad possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Davalo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Mohammed Amjad is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mohammed Amjad is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mohammed Amjad possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Davalo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Kali Amjad is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kali Amjad is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kali Amjad possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of

Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Davalo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23.     Defendants operate two merchandise departments located in the Washington Heights section of Manhattan in New York City.

24.     Individual Defendants, John Doe Amjad, Mohammed Amjad, and Kali Amjad, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Davalo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Davalo, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Davalo (and all similarly situated employees) and are Plaintiff Davalo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Davalo and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants John Doe Amjad, Mohammed Amjad, and Kali Amjad operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Davalo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Davalo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Davalo's services.

31.     In each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the merchandise departments on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Davalo is a former employee of Defendants who was employed as a merchandise stocker. Plaintiff Davalo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Melesio Davalo*

34.     Plaintiff Davalo was employed by Defendants from approximately February 2018 until on or about May 22, 2020.

35.     Defendants employed Plaintiff Davalo as a merchandise stocker.

36.     Plaintiff Davalo regularly handled goods in interstate commerce, such as merchandise department and other supplies produced outside the State of New York.

37.     Plaintiff Davalo's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Davalo regularly worked in excess of 40 hours per week.

39.     From approximately February 2018 until on or about May 22, 2020, Plaintiff Davalo worked at the Casa Bonita and Casa Dominicana location from approximately

10:00 a.m. until on or about 8:30 p.m., Mondays through Saturdays (typically 60 hours per week).

40.      Throughout his employment, Defendants paid Plaintiff Davalo his wages in cash.

41.      From approximately February 2018 until on or about February 2019, Defendants paid Plaintiff Davalo a fixed salary of $510 per week.

42.      From approximately February 2019 until on or about May 22, 2020, Defendants paid Plaintiff Davalo a fixed salary of $540 per week.

43.      Plaintiff Davalo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44.      For example, Defendants required Plaintiff Davalo to continue working 20 to 30 minutes past his scheduled departure time when the business was very busy, and did not pay him for the additional time he worked.

45.      Defendants never granted Plaintiff Davalo any breaks or meal periods of any kind.

46.      Plaintiff Davalo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47.      No notification, either in the form of posted notices or other means, was ever given to Plaintiff Davalo regarding overtime and wages under the FLSA and NYLL.

48.      Defendants did not provide Plaintiff Davalo an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Davalo, in English and in Spanish (Plaintiff Davalo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Davalo (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay and overtime compensation as required by federal and state laws.

51. Plaintiff Davalo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Defendants' pay practices resulted in Plaintiff Davalo not receiving payment for all his hours worked, and resulted in Plaintiff Davalo's effective rate of pay falling below the required minimum wage rate.

53. Defendants habitually required Plaintiff Davalo to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

54. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55. Defendants paid Plaintiff Davalo his wages in cash.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Davalo (and similarly situated individuals) worked and to avoid paying Plaintiff Davalo properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Davalo and other similarly situated former workers.

60. Defendants failed to provide Plaintiff  Davalo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Davalo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

62.  Plaintiff Davalo brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63. At all relevant times, Plaintiff Davalo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

64. The claims of Plaintiff Davalo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

65. Plaintiff Davalo repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Davalo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Davalo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69.     Defendants failed to pay Plaintiff Davalo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70. Defendants' failure to pay Plaintiff Davalo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Davalo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72. Plaintiff Davalo repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Davalo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Davalo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Davalo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76.  Plaintiff Davalo repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiff Davalo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and

fire Plaintiff Davalo, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

78. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Davalo less than the minimum wage.

79. Defendants' failure to pay Plaintiff Davalo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Davalo was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

81.  Plaintiff Davalo repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Davalo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83. Defendants' failure to pay Plaintiff Davalo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Davalo was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
OF THE NEW YORK COMMISSIONER OF LABOR**

85.  Plaintiff Davalo repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants failed to pay Plaintiff Davalo one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Davalo's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

87. Defendants' failure to pay Plaintiff Davalo an additional hour's pay for each day Plaintiff Davalo's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

88. Plaintiff Davalo was damaged in an amount to be determined at trial.

## \ SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

89.  Plaintiff Davalo repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants failed to provide Plaintiff Davalo with a written notice, in English and in Spanish (Plaintiff Davalo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91. Defendants are liable to Plaintiff Davalo in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

92. Plaintiff Davalo repeats and realleges all paragraphs above as though fully set forth herein.

93. With each payment of wages, Defendants failed to provide Plaintiff Davalo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94. Defendants are liable to Plaintiff Davalo in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Davalo respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Davalo and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Davalo and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Davalo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Davalo and the FLSA Class members;

(f)     Awarding Plaintiff Davalo and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Davalo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Davalo;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Davalo;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Davalo ;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Davalo's compensation, hours, wages and any

deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Davalo;

(m)      Awarding Plaintiff Davalo damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Davalo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Davalo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Davalo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Davalo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Davalo demands a trial by jury on all issues triable by a jury.

18

Dated:  New York, New York

July 9, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

June 1, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Melesio Davalo

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           1 de Junio 2020

*Certified as a minority-owned business in the State New York*